**Electronically Filed
Intermediate Court of Appeals
30559
08-JAN-2013
08:09 AM**

NO. 30559

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSEPH PITTS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0097)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Joseph Pitts (Pitts) appeals from the Judgment of Conviction and Sentence entered May 12, 2010 in the Circuit Court of the First Circuit[1] (circuit court).  A jury found Pitts guilty of attempted murder in the second degree in violation of Hawaii Revised Statutes (HRS) §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (Supp. 2008) and the circuit court sentenced Pitts to life imprisonment with the possibility of parole.

On appeal, Pitts raises seven points of error that have been consolidated into four issues for review.  Pitts contends the circuit court erred when it:

> (1) denied Pitts's motion to dismiss the indictment;

> (2) denied Pitts's request for appointment of counsel;

---

[1]  The Honorable Glenn J. Kim presided.

(3) failed to provide curative instruction regarding witness testimony which included suppressed evidence; and

(4) failed to address claims of juror misconduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

(1) The circuit court did not abuse its discretion in denying Pitts's motion to dismiss his indictment.

On January 13, 2010, Pitts filed his Motion to Dismiss Indictment on the grounds that the prosecutor failed to present clearly exculpatory evidence to the grand jury. On February 3, 2010, the circuit court denied Pitts's motion. Pitts maintained the prosecutor had a duty to present evidence that Pitts did not attempt to flee the scene, that there was a lack of blood on Pitts's clothing, and that the Complainant did not identify Pitts when first asked to identify his attacker.

While prosecutors must present evidence to support a determination of probable cause, the prosecutor need not present all the evidence that supports or refutes probable cause. State v. Bell, 60 Haw. 241, 245, 589 P.2d 517, 520 (1978) *overruled on other grounds by* State v. Chong, 86 Hawai'i 282, 949 P.2d 122 (1997). In Bell, the Hawai'i Supreme Court held that "where evidence of a clearly exculpatory nature is known to the prosecution, such evidence must be presented to the grand jury." Bell, 60 Haw. at 245, 589 P.2d at 520 (emphasis added).

The circuit court did not abuse its discretion in finding the evidence did not clearly exculpate Pitts. Evidence that the Complainant did not immediately identify Pitts was not clearly exculpatory. The Complainant later positively identified Pitts as the assailant. Pitts's cooperation with police was not clearly exculpatory. And, the lack of blood on Pitts's clothing

2

was not clearly exculpatory. The Complainant's blood was actually found on Pitts's jacket.

(2) The circuit court neither abused its discretion nor violated Pitts's right to counsel when it refused his request for reinstatement of counsel.

On March 1, 2010, Pitts expressed his intent to proceed pro se. The circuit court informed Pitts of the risks and hardships of an incarcerated defendant that attempts to proceed without defense counsel and asked Pitts to fully consider the ramifications before waiving his right to counsel. The circuit court did not entertain Pitts's proposal, but informed him that the court would recess until the following day and at such time if Pitts remained steadfast in his choice to proceed pro se, the circuit court would conduct the appropriate colloquy.

On March 2, 2010, Pitts again expressed his intent to represent himself. The circuit court conducted an extensive colloquy and accepted Pitts's waiver of his right to counsel. The circuit court appointed stand-by counsel to answer legal questions Pitts might have had.

On March 4, 2010, Pitts expressed frustration at trying to represent himself in court and requested appointment of counsel. After an inquiry into Pitts's reasons for requesting appointment of counsel, the circuit court asked stand-by counsel if he would be willing to represent Pitts. Stand-by counsel declined. The circuit court considered the late stage of the trial, the likely delay in appointing counsel, and ruled that Pitts must continue to represent himself.

At the sentencing hearing on May 12, 2010, Pitts renewed his request for appointment of counsel. The circuit court denied Pitts's request and imposed the mandatory sentence as was prescribed by law.

Pitts did not challenge the validity of his waiver of his right to counsel but asserted that once he sought to withdraw his waiver, he was entitled to appointment of counsel. Once

Pitts waived his right to counsel, he no longer had the absolute right to the reinstatement of counsel. John-Charles v. Cal., 646 F.3d 1243, 1250 (9th Cir. 2011). The circuit court exercised its discretion in rejecting Pitts's withdrawal of his waiver, taking into consideration factors of a prejudicial delay and disruption of Pitts's trial. See, e.g., State v. Christian, 88 Hawaiʻi 407, 422, 967 P.2d 239, 254 (1998).

Pitts also challenges the circuit court's ruling that stand-by counsel did not have standing to present a motion on Pitts's behalf. This challenge is without merit. Stand-by counsel was not authorized to represent Pitts.

(3) Neither the witness's nor the prosecutor's reference to "defendant" during direct questioning constituted reversible error.

Given the evidence admitted at trial, including the Complainant's testimony identifying Pitts as the person that stabbed him, the Complainant's blood on Pitts's jacket, and that Pitts was apprehended in the nearby vicinity, any error was harmless beyond a reasonable doubt. See State v. Kelekolio, 74 Haw. 479, 528, 849 P.2d 58, 80 (1993). Therefore, even though the witness's statement constitutes error, such error is harmless beyond a reasonable doubt.

Pitts contends the improperly elicited eyewitness testimony identifying Pitts constituted prosecutorial misconduct. "In order to determine whether the alleged prosecutorial misconduct reached the level of reversible error, we consider the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant." State v. Clark, 83 Hawaiʻi 289, 304, 926 P.2d 194, 209 (1996) (citing State v. Agrabante, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992) (citation omitted)).

The eyewitness's utterance of "defendant" cannot be attributed to any prompting by the prosecutor. When the prosecutor referred to the "defendant" she corrected herself

immediately by rephrasing "passenger" for "defendant." Pitts did not object to the prosecutor's statement, and there was no curative instruction. There was substantial evidence to support Pitts's conviction. The prosecutor's brief reference to "defendant" did not constitute reversible error.

(4) The jury was not precluded from examining exhibits during jury deliberations. See, e.g., State v. Kassebeer, 118 Hawai'i 493, 506, 193 P.3d 409, 422 (2008). Extrajudicial investigation occurs when a juror considers information gathered outside the courtroom. See State v. Williamson, 72 Haw. 97, 807 P.2d 593 (1991) (holding that the juror's use of a dictionary during deliberations was reversible error); Lopez v. Sears Roebuck & Co., 70 Haw. 562, 777 P.2d 715 (1989) (holding a juror's independent investigation of premises constituted misconduct); State v. Amorin, 58 Haw. 623, 574 P.2d 895 (1978) (holding that a juror's use of a dictionary constituted harmless error). The jury did not engage in improper extrajudicial investigation.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Conviction entered May 12, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 8, 2013.

On the briefs:

Kevin O'Grady
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5